IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60182
_____

FRANCES LOUISE SANDERS;
PAUL SANDERS,

                                                  Plaintiffs-Appellees,

versus

WAL-MART STORES, INC., doing
business as Wal-Mart, Store #0391,

                                                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:96-CV-2-SAA)
_____

April 20, 1999

Before REAVLEY, POLITZ and SMITH, Circuit Judges.

PER CURIAM:[*]

    The judgment of the district court is affirmed for the following reasons:

    1.    Reflectors, raised an inch or higher above a driveway across which

customers walk to their cars with bags of merchandise in their hands, are not necessarily

expected and acceptable conditions to be encountered by invitees of a business.  The jury

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was entitled to find the defendant negligent because of its failure to provide reasonably safe premises.  See Tharp v. Bunge Corp., 641 So.2d 20 (Miss. 1994).

2.      The jury was also entitled to find the plaintiff contributorily negligent.  She was a frequent customer of the defendant and had seen the reflectors many times. Richard v. Wal-Mart Stores, Inc., 702 So.2d 79 (La. App. 2 cir. 1977), does not afford the plaintiff the help claimed.  Not only is it a Louisiana case, but the facts are very different. The plaintiff there stumbled on bolts protruding from the Wal-Mart sidewalk.  She was walking by a display of merchandise and she could not reasonably anticipate the bolts.

3.      The disclosure of the subsequent removal of the reflectors was not blatant disobedience of the court's order and, with the court's instruction, it was harmless.

4.      The other points of error raised by Wal-Mart are either its arguments about the evidence or are directed at rulings of the court within its discretion.

AFFIRMED.